Dennis L. HARRISON, et al., Plaintiffs,

v.

Drew LEWIS, et al., Defendants.

Civ. A. No. 79–1816.

United States District Court,
District of Columbia.

March 3, 1986.

Charles Stephen Ralston, New York City, Elaine R. Jones, Washington, D.C., for plaintiffs.

Joseph E. DiGenova, U.S. Atty., Royce C. Lamberth, John H.E. Bayly, Jr., Jeffrey Hunter Moon, Asst. U.S. Attys., Washington, D.C., for defendants; Timothy

Shea, Maritime Admin., Washington, D.C., of counsel.

## MEMORANDUM

OBERDORFER, District Judge.

In this action, female and black employees of the Maritime Administration (MarAd) claimed that MarAd engaged in systemic discrimination in hiring and promotions on the basis of sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In a Memorandum and Order filed June 7, 1982, the Court found that MarAd had discriminated on the basis of race, but that plaintiffs had failed to prove by a preponderance of the evidence that defendants had discriminated on the basis of sex. The parties then filed memoranda on the issue of relief, and on January 25, 1983, the Court entered an Injunction setting out the scope, and procedure for obtaining, relief. As to determination of individual affirmative relief, the Injunction contemplated the mailing of a notice to individual class members after which the following procedure applied:

(B) *Determination of individual claims.* Class members shall have thirty days from the date upon which the notice is mailed in which to file their individual claims. The claims must state specifically the basis for the claim and the relief sought. After all claims have been submitted, but not later than ninety days after the closing date for the submission of claims, counsel for the parties shall attempt to resolve all claims that have been made.

Any claims that cannot be resolved will be submitted to a Special Master to be appointed by the Court. In the adjudication of individual claims, the initial burden will be on the claimant to show, by a preponderance of the evidence, that he or she applied for a job or promotion or would have applied but for the discriminatory practices of defendant, and that failure to receive that job or promotion has caused the claimant some specific damage (e.g., a pay increase). The bur-

den will then be on defendant to prove by clear and convincing evidence that the same employment decision would have been made even in the absence of the claimed discrimination. In the absence of such proof, the relief sought will be granted to the individual class member. *Harrison v. Lewis,* 559 F.Supp. 943, 955 (D.D.C.1983).

The parties have attempted to settle the individual cases, and have now filed a Joint Report of the Status of Individual Cases (filed Dec. 13, 1985). The claims of twelve plaintiffs remain to be resolved. In addition, the parties are in dispute as to the scope of relief available to one plaintiff. Motions as to the twelve remaining plaintiffs are now ripe for resolution. These are defendants' motion to dismiss certain individual claims and the parties' cross-motions for summary judgment as to individual claims. Although the Injunction indicated that the Court would appoint a Special Master at this stage of the proceedings, the motions as to individual claims involve only a limited number of issues which, once decided, will resolve each plaintiff's entitlement to affirmative relief. It thus does not appear necessary or efficient to appoint a Special Master. The Court will resolve the remaining liability issues and will direct the parties to attempt to reach agreement as to the amount due each plaintiff found by the Court to be entitled to relief.

### I.

#### A. Motion to Dismiss

■ Defendants move to dismiss certain individual claims on the grounds that a specific claim pressed was not originally listed on the plaintiff's claim form. Defendants claim that the following quote from the Injunction means that any claim not listed by a plaintiff on the claim form is forever barred:

Class members shall have thirty days from the date upon which the notice is mailed in which to file their individual claims. The claims must state specifical-

ly the basis for the claim and the relief sought.

559 F.Supp. 955. Indeed, as defendants argue, the claim form asked plaintiffs to identify the specifics of their claim. But, the request to identify the claim was couched with the phrase "if known", and the preamble to the form stated "You may be called on to cooperate with an evaluation of your claim by supplementing the information supplied here." Moreover, the form contained no warning that a failure to list a specific claim would forever bar a plaintiff from pursuing it. Defendants reviewed the form before it was sent and were aware that it contained no such language. And, such a requirement would have been harsh since plaintiffs were given only thirty days from receipt of the notice to return their form. Defendants, themselves, conducted a computer search for all vacancy announcements responded to by the plaintiffs who filed claim forms, and plaintiffs represent that all claims were identified in a 1984 interrogatory answer. Defendants thus cannot claim surprise or prejudice at the claims now pressed. In light of all the above circumstances, the purpose of the claim forms was properly understood to be to identify claimants, and not to bar claims. The accompanying Order will deny defendants' motion to dismiss.

### B.   Summary Judgment Motions

#### 1.

■ Several plaintiffs have failed to identify specific vacancy announcements for which they applied and were rejected, or were deterred from applying. Defendants point out that (1) plaintiffs have had MarAd's vacancy announcement files for years now; (2) computer searches of these claimants' applications have been undertaken by defendants, without success in locating vacancies applied for; and (3) specific reviews for such vacancies have also been made by MarAd, also without success. Defendants maintain that plaintiffs' failure to identify specific vacancies must mean

that they did not exist, and thus that these plaintiffs are not entitled to relief.

The Injunction required a plaintiff to show that "he or she applied for a job or promotion." 559 F.Supp. at 955. Such specificity is required to fashion appropriate relief. Without a vacancy announcement identified, the Court cannot assess a plaintiff's eligibility, qualifications, loss of pay, or the race of the selectee. At this point in the litigation, a plaintiff's failure to identify a specific vacancy announcement for which he or she applied or was deterred from applying must be presumed to mean that no such announcement existed. If no such job opening existed, then plaintiff could not have suffered discrimination in the competitive promotion process and thus is not entitled to relief. Accordingly, a plaintiff's failure to identify a specific vacancy announcement as the basis of his or her claim is fatal to his or her entitlement to relief.

#### 2.

Defendants argue that they are entitled to summary judgment as to certain plaintiffs' claims on the grounds that the vacancy announcement identified as the basis of the claim required that the plaintiff have spent a certain amount of time at a certain grade level and the plaintiff had not. A prerequisite to a showing of entitlement to relief in a Title VII case, and under the Injunction in this case, is that the plaintiff was qualified for the job. The time-in-grade requirement is established by federal regulation. 5 C.F.R. §§ 300.601–05. Consequently, it would appear that if a plaintiff did not have the required time-in-grade for a job applied for, the plaintiff should not be entitled to relief.

In individual cases, plaintiffs' counter this apparent result with one of two different arguments: (1) the plaintiff was deterred from seeking the training which would have qualified him or her for the higher grade level; or (2) the vacancy should have been advertised at a lower grade level.

■ Plaintiffs' first argument is appealing, especially because a number of plain-

tiffs allege that they were deterred from seeking the training they would need to qualify for the job they sought. Nevertheless, the Injunction requires a showing that "a job or promotion" was denied. 559 F.Supp. at 955. Denial of training is outside the scope of the Injunction, and, because there is no proof that a particular plaintiff would have successfully completed training if offered, the causal link between denial of training and denial of a job is too tenuous to infer that denial of one is the same as denial of the other. Thus, a plaintiff's prima facie showing that training was denied is not enough to entitle him or her to relief.

■ Plaintiffs' second argument focuses on the fact that the Court found that the criteria for jobs and promotions at MarAd were discriminatory, thus defendants can rebut a prima facie showing only by showing "the existence of demonstrably valid criteria for the job and the claimant's absolute or relative lack of qualifications as measured by those criteria." 559 F.Supp. at 947. Plaintiffs argue that defendants must thus justify the grade level at which a job is offered because the grade level is, in effect, a qualification for the job. But, the grade level at which a job is advertised was not contemplated as an aspect of the selection procedure which required validation. The Injunction provided:

> There are five principal aspects of MarAd's selection process that are of major importance here: (1) the use of the OPM X–118 standards; (2) the development and use of similar standards for jobs unique to MarAd; (3) the point system used to rate applicants against the standards; (4) the procedures used to rate and rank applicants at the certification stage; and (5) the use of oral supervisory evaluations in the selection process.

559 F.Supp. at 949. Grade levels are different from other job qualifications in that they define the job and determine the rate of pay. Their concomitant time-in-grade requirement is set by federal regulation and is not so much to establish skill qualifi-

cations, as to promote an orderly career ladder and establish an applicant's right to a certain level of pay. As such, the grade level at which a job is advertised is, for purposes of this action, more properly characterized as a part of the job itself rather than a qualification for the job which must be validated. Thus, a plaintiff's argument that the government has failed to justify the grade at which a job was advertised is not enough to overcome the presumption that because plaintiff did not have the proper time in grade, she or he was not qualified for the job and is not entitled to relief.

### C.

■ The parties have reached an agreement as to the backpay due plaintiff McDowell, but disagree as to whether the Injunction contemplates the award of retroactive promotion. Defendants rely on the fact that the Injunction makes no mention of promotion, specifically, as an element of relief. Plaintiffs counter with the presumption that Title VII plaintiffs should receive full relief, and the statement in the Injunction that upon a proper showing, a plaintiff should receive "the relief sought." 559 F.Supp. at 955. Courts routinely grant promotions in Title VII cases, and there is no reason here to deny such relief. *Snead v. Harris,* 22 F.E.P. 1434, 1437 (D.D.C. 1980); *Berio v. E.E.O.C.,* 19 F.E.P. 168 (D.D.C.1979). Under the Injunction, a plaintiff is entitled to any relief to which he or she can prove he or she is entitled.

### II.

Under the principles established above, the following resolutions of the individual claims are appropriate.

#### 1. John Blackburn

Plaintiff claims the following promotions were applied for and denied: 149–RWS–77; 70–77; 144–77. Defendants address only plaintiff's claim as to 149–77. Their argument is that plaintiff applied for a GS–12 position when he was only a GS–9, thus he did not have the required one year at grade GS–11. Plaintiffs' counterargument that

the position should have been advertised at GS–11 level must fail. Consequently, defendants are entitled to summary judgment on plaintiff's 149–77 claim. Defendants' only argument as to plaintiff's other two claims is that they should be dismissed because they were not listed on his original claim form. This argument must fail. Plaintiffs are entitled to summary judgment on the 70–77 and 144–77 claims.

### 2. Curtis Brown

Plaintiffs do not move for summary judgment as to plaintiff's claim. There is no showing that plaintiff applied for a specific vacancy, thus his claim must fail. Defendants are entitled to summary judgment as to plaintiff's entire claim.

### 3. Mary Duckett

Plaintiff does not identify a specific vacancy announcement she applied for and was denied. She argues that she was deterred from seeking the training which would qualify her for the job she sought. Plaintiff's claim must fail. Defendants are entitled to summary judgment as to plaintiff's entire claim.

### 4. Pernell Faltz

Plaintiff claims that he was deterred from applying for a GS–5 Supply Clerk position. Plaintiff has identified no specific vacancy announcement from which he was deterred from applying, and defendant asserts that during the relevant time period there were none. Plaintiff also argues that he was deterred from seeking the training required to qualify for such a position. Both of plaintiff's arguments must fail. Defendants are entitled to summary judgment as to plaintiff's entire claim.

### 5. Evelyn B. Harley

Plaintiff alleges that she applied for two vacancy announcements, 80–83 and 80–94, and was deterred from applying for a GS–7 secretary position. As to the GS–7 secretary position, defendants counter that as a GS–5, she had insufficient time-in-grade to qualify, and that in any event, the selection was not competitive, that is, not advertised by a vacancy announcement, and therefore is outside the scope of the Injunction. This claim of plaintiff's must fail. Defendants offer no argument as to the other two positions, except that they were not listed on plaintiff's claim form. As to vacancy announcements 80–83 and 80–94, defendants' argument must fail. Defendants are entitled to summary judgment as to the GS–7 secretary position; plaintiffs are entitled to summary judgment as to vacancy announcements 80–83 and 80–94.

### 6. Sharon Howard

Plaintiff claims she applied for the following vacancy announcements: 135–RWS–75; 154–75; 51–76; 171–76. For 135–75, a black woman was chosen, and vacancy announcement 51–76 was cancelled without any selection. Plaintiff's claims as to these two vacancies must fail. Plaintiff opposes defendants' motion for summary judgment only as to 154–75 and 151–76. Defendants argue that, as to the first, the woman chosen for the position was much more qualified, and as to the second, plaintiff failed to show up for her interview. Defendants' first argument goes to the relative qualifications of the applicants. But defendants fail to validate the criteria used. The position advertised was for a GS–5 through GS–12 computer programmer position. Although a more experienced woman was chosen at the GS–11 level, plaintiff was a GS–7 and could have been chosen. Thus, defendants' argument must fail. Defendants' second argument should prevail because failure to complete the application process is an obvious disqualification for the job. Plaintiffs are entitled to summary judgment as to the vacancy announcement 154–75 claim, and defendants are entitled to summary judgment as to the plaintiff's remaining claims.

### 7. Bonita Johnson

Plaintiff applied for vacancy announcements 79–141 and 81–004. Defendants argue her claims should be dismissed because of failure to list the claims on the claim form. This argument must fail. Plaintiffs are entitled to summary judgment as to plaintiff's 79–141 and 81–004 claims.

### 8. Brenda Mayo

Plaintiff alleges that she applied for all GS-8 positions between November, 1981 and January, 1982, but she does not identify any specific vacancy announcements. Plaintiff's claim must fail. Defendants are entitled to summary judgment as to plaintiff's entire claim.

### 9. Everette Scott

Plaintiff claims that he was deterred from applying for a GS-5 Supply Clerk position. Plaintiff has identified no specific vacancy announcement for which he applied, and defendant asserts that during the relevant time period there were none. Plaintiff also argues that he was deterred from seeking the training required to qualify for such a position. Both of plaintiff's arguments must fail. Defendants are entitled to summary judgment as to plaintiff's entire claim.

### 10. Constance Smith

Plaintiff alleges that she was deterred from applying for vacancy announcement 84-RWS-77. Defendants counter that the job she held at the time had the same title, the same grade, and the same promotion potential. Plaintiff alleges that the man who got the job was more rapidly promoted than was she. But this complaint is directed at later, non-competitive promotions beyond the scope of this Injunction. Plaintiff has failed to prove any damage due to not applying for the position and thus has failed to establish a prima facie case. Defendants are entitled to summary judgment as to plaintiff's entire claim.

### 11. Fannie Whitaker

Plaintiff alleges that she applied for vacancy announcement 79-97. Defendants indicate that the proper vacancy announcement is 78-97. Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Certain Individual Claims at 6 (filed June 4, 1985). But plaintiffs persevere in claiming that the proper vacancy announcement number is 79-97. Plaintiffs' Response to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment at 3 (filed June 10, 1985). Plaintiffs' motion for summary judgment, however, identifies the vacancy announcement as occurring in 1978, despite the fact that it bears the number 79. Plaintiffs' Statement of Material Facts Relating to the Claim of Fannie Whitaker As To Which There Is No Genuine Issue at ¶ 5 (filed May 3, 1985). The parties thus appear to contemplate the same vacancy under slightly different identifying numbers. In any event, defendants' only response to plaintiffs' summary judgment motion is that plaintiff's claim form failed to list the vacancy at issue. Defendants' claim must fail. Consequently, plaintiffs are entitled to summary judgment as to the claim under VA-79-97 or VA-78-97, whichever is the proper identifying number for the vacancy for which plaintiff Whitaker applied.

### 12. Josephine White

The only vacancy announcement identified by plaintiff is 78-168. That vacancy announcement stated that first preference would be given to Commerce Department employees. Such a preference is not a qualification and thus need not be proven valid under the Injunction. Plaintiff was not a Commerce Department employee and a Commerce Department employee was selected. Thus, defendants have rebutted plaintiff's prima facie case. Defendants are entitled to summary judgment as to plaintiff's entire claim.

\* \* \*

The parties should confer about the relief to be afforded all plaintiffs granted summary judgment, and submit a joint report detailing disputes, if any, which the Court should resolve.

### ORDER

For reasons stated in the accompanying Memorandum, it is this 3d day of March, 1986, hereby

ORDERED: that defendants' motion to dismiss should be, and hereby is DENIED; and it is further

ORDERED: that defendants' motion for summary judgment should be, and hereby

is GRANTED as to the following claims of the following plaintiffs:

| | |
|---|---|
| John Blackburn | VA–149–RWS–77 |
| Curtis Brown | plaintiff's entire claim |
| Mary Duckett | plaintiff's entire claim |
| Pernell Faltz | plaintiff's entire claim |
| Evelyn B. Harley | GS–7 secretary position |
| Sharon Howard | VA–135–RWS–75; 51–76; 171–76 |
| Brenda Mayo | plaintiff's entire claim |
| Everette Scott | plaintiff's entire claim |
| Constance Smith | plaintiff's entire claim |
| Josephine White | plaintiff's entire claim |

and it is further

ORDERED: that plaintiffs' motion for summary judgment should be, and hereby is GRANTED as to the following claims of the following plaintiffs:

| | |
|---|---|
| John Blackburn | VA–70–RWS–77; 144–77 |
| Evelyn B. Harley | VA–80–83; 80–94 |
| Sharon Howard | VA–154–RWS–75 |
| Bonita Johnson | VA–79–141; 81–004 |
| Fannie Whitaker | VA–79–97 or 78–97 |

and it is further

ORDERED: that the parties shall submit within sixty (60) days of the date of this Order a joint report detailing the parties' progress in resolving the amount of relief to be afforded each plaintiff, along with a list of disputes, if any, which the Court should resolve.